FILED & ENTERED

SEP 05 2017

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>CARLOS FLORES,<br><br>                 Debtor. | Case No. 2:16-bk-26402-RK<br><br>Chapter 7<br><br>**ORDER DENYING DEBTOR'S MOTION FOR DETERMINATION OF DEBIT AND DEBTOR'S RIGHT TO RECOVERY OF FUNDS WITHOUT PREJUDICE** |

    Pending before this court is the Motion of Debtor Carlos Flores for Determination of Discharge of Debit and Debtor's Right to Recovery of Funds ("Motion") (Docket No. 21), filed on August 15, 2017.  Debtor is representing himself as indicated on the Motion.

    Having considered the Motion, the court determines that the Motion should be denied because it does not comply with the requirements of Local Bankruptcy Rule ("LBR") 9020-1.  Apparently, Debtor contends that the San Diego County Sheriff collected funds on behalf of a creditor, Santa Fe Management, Inc., in May 2017 after the entry of discharge in this case.  However, the Motion is unclear whether this activity

1  is in violation of the discharge injunction as Debtor never expressly states that this
2  collection was for a prepetition dischargeable debt, though this seems to be implied.
3  Moreover, Debtor provides no evidence that this collection actually occurred as he only
4  provides his hearsay statement of what he was allegedly told by the San Diego County
5  Sheriff's Civil Office.  That is, there is no copies of any collection levy notices from the
6  San Diego County Sheriff or the alleged creditor showing that any of the alleged
7  collection activity was done, let alone, on behalf of the alleged creditor, or for a
8  prepetition dischargeable debt.
9        The discharge injunction from the entry of discharge is enforced by a motion for
10 civil contempt under 11 U.S.C. § 105(a).  *See, Walls v. Wells Fargo Bank, N.A.,* 276
11 F.3d 502, 507 (9th Cir. 2002).  Motions for civil contempt in this bankruptcy court are
12 governed by Local Bankruptcy Rule 9020-1, which states that unless otherwise ordered
13 by the court, contempt proceedings are initiated by filing a motion that conforms with
14 Local Bankruptcy Rule 9013-1 and the submission to the court of a proposed order to
15 show cause to as part of the moving papers by lodging it with the court.  Local
16 Bankruptcy Rule 9020-1(a).  Cause must be shown by filing a written explanation why
17 the party should not be held in contempt and by appearing at the hearing.  Local
18 Bankruptcy Rule 9020-1(a).  The Motion under Local Bankruptcy Rule 9020-1 must also
19 follow Local Bankruptcy Rule 9013-1 generally governing motions filed in the court
20 expressly requiring written evidence and legal points and authorities in support of any
21 motion.  The Motion does not meet the requirements of these rules.  There is no
22 admissible evidence that there was any violation of the discharge injunction by the
23 creditor.  The only evidence in the Motion is Debtor's declaration saying the alleged
24 creditor did what it did through the Sheriff, which is inadmissible hearsay and is thus
25 inadequate for the court to grant enforcement of the discharge injunction.
26     ///
27     ///
28

Accordingly, the court denies the Motion without prejudice, meaning that Debtor may file an amended motion for civil contempt which complies with the requirements of Local Bankruptcy Rules 9020-1 and 9013-1, which Debtor should read and obey before he files any amended motion, or better yet, Debtor should consult an attorney before filing any amended motion.

IT IS SO ORDERED.

###

Date: September 5, 2017

_____
Robert Kwan
United States Bankruptcy Judge